UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ALAN MICHAEL FRANK             CIVIL ACTION NO. 13-cv-1494

VERSUS             JUDGE WALTER

DAVID WADE CORRECTIONAL             MAGISTRATE JUDGE HORNSBY
CENTER, ET AL

### REPORT AND RECOMMENDATION

Alan Frank ("Plaintiff") is a self-represented prisoner housed at the David Wade Correctional Center. He alleges that prison transportation officer Terrance Emerson took him to the LSU Medical Center and, while there, touched him inappropriately and forced him to perform oral sex. The remaining defendants in the case are Terrance Emerson and the Louisiana Department of Corrections. Doc. 71. Before the court is the Department's Motion to Dismiss (Doc. 78) based on Eleventh Amendment immunity. For the reasons that follow, it is recommended the motion be granted.

Plaintiff seeks an award of money damages from the Department based on its alleged vicarious liability under state law for torts committed by Emerson. But states and state agencies that are considered arms of the state are entitled to Eleventh Amendment immunity from Section 1983 and state-law suits filed in federal court. Richardson v. Southern University, 118 F.3d 450 (5th Cir. 1997). The Department of Corrections operates within the Louisiana Department of Public Safety and Corrections and oversees the state's several correctional facilities. The Fifth Circuit has held that the Department is an arm of the state

that is entitled to Eleventh Amendment immunity. <u>Champagne v. Jefferson Parish Sheriff's Office</u>, 188 F.3d 312 (5th Cir. 1999) (prisoner's Section 1983 claim against the Department was barred by the Eleventh Amendment). Plaintiff's claim for money damages against the Department based on its alleged vicarious liability for the actions of Emerson is, therefore, barred by the Eleventh Amendment from being heard in federal court.

Plaintiff's Memorandum in Opposition misunderstands the nature of the defense and argues that this court is a proper venue to hear the dispute. The Department is not challenging whether this federal court is a proper venue or location for this case. The Department's challenge asserts that the Eleventh Amendment prohibits any federal court from awarding money damages against the Department for the state law tort vicarious liability claim asserted by Plaintiff. The Department is correct, and the proper remedy is dismissal without prejudice of the claims against the Department. <u>Warnock v. Pecos County</u>, 88 F.3d 341, 343 (5th Cir. 1996). Terrance Emerson will be the sole remaining defendant.

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 78)** filed by the Louisiana Department of Corrections be **granted** and that all claims against the Louisiana Department of Corrections be dismissed for lack of subject-matter jurisdiction.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of December, 2014.

Mark L. Hornsby
U.S. Magistrate Judge