UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ALAN MICHAEL FRANK | CIVIL ACTION NO: 13-01494 |
| VERSUS | JUDGE DONALD E. WALTER |
| DAVID WADE CORRECTIONAL CENTER et al | MAG. JUDGE MARK L. HORNSBY |

## ORDER

Before the Court is a Motion in Limine [Doc. #123], filed by Defendant Terrance Emerson, seeking to exclude any evidence relating to polygraph examinations administered to both Plaintiff Alan Michael Frank and Defendant Emerson during the course of the investigation in this case. Plaintiff Frank opposes the motion and requests that the Court reserve ruling, to allow for a pretrial hearing and subsequent denial of the motion. [Doc. #127].

Both parties correctly cite to the Fifth Circuit's holding in *United States v. Posado*, 57 F.3d 428, 434 (5th Cir. 1995), which clearly removed any per se rule against the admissibility of polygraph examinations, as follows:

> To iterate, we do not now hold that polygraph examinations are scientifically valid or that they will always assist the trier of fact, in this or any other individual case. We merely remove the obstacle of the per se rule against admissibility, which was based on antiquated concepts about the technical ability of the polygraph and legal precepts that have been expressly overruled by the Supreme Court.

*Posado*, 57 F.3d at 434. The change followed the Supreme Court's familiar decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *Posado*, 57 F.3d at 429 ("we now conclude that the rationale underlying this circuit's per se rule against admitting polygraph evidence did not survive [*Daubert*]"). Both parties likewise acknowledge, as *Posado* concluded,

"that *Daubert* and the Federal Rules of Evidence require a three step approach to the question of whether polygraph evidence may be admitted in federal trial courts." *Ulmer v. State Farm Fire & Cas. Co.*, 897 F. Supp. 299, 301 (W.D. La. 1995) (citing *Posado*, 57 F.3d at 429, and *Daubert, supra*). The proper analytical steps should include consideration of the evidence under Rules 104(a), 702, 401, 402 and 403, in addition to the jurisprudence cited herein.

Accordingly, the motion in limine [Doc. #123] is **DENIED**; there is no longer a per se bar against the admissibility of polygraph evidence, and the Court lacks the requisite information to determine its admissibility at this time. All counsel shall be prepared for a pretrial *Daubert* hearing, on the morning of Monday, April 4, 2016, at which time the Court will rule on the admissibility of the polygraph evidence in question.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 24th day of March, 2016.

/ DONALD E. WALTER
UNITED STATES DISTRICT JUDGE